**No. 26-2838**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

KOSTAS GIANNOULIAS,

*Petitioner*,

*v.*

FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION,

*Respondent.*

On Petition for Review from the Federal Motor Carrier Safety Administration

# EMERGENCY MOTION OF NON-PARTY AURORA OPERATIONS, INC. TO SEAL DOCUMENTS FILED AS EXHIBITS TO PETITIONER'S EMERGENCY MOTION FOR RECONSIDERATION AND RENEWED RULE 18 RELIEF

*(Counsel listed on following page)*

JORDAN R. JAFFE
WILSON SONSINI
GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000
jjaffe@wsgr.com

ELI B. RICHLIN
WILSON SONSINI
GOODRICH & ROSATI
Professional Corporation
31 West 52nd Street, Fifth Floor
New York, NY 10019
(212) 999-5800
erichlin@wsgr.com

SAMANTHA MACHOCK
WILSON SONSINI
GOODRICH & ROSATI
Professional Corporation
12235 El Camino Real
San Diego, CA 92130
(858) 350-2300
smachock@wsgr.com

*Counsel for Aurora Operations, Inc.*

Pursuant to Seventh Circuit Operating Procedure Rule 10, Aurora Operations, Inc. ("Aurora") respectfully moves this Court for an emergency order sealing certain documents filed as exhibits to Kostas S. Giannoulias's ("Petitioner") Emergency Motion for Reconsideration and Renewed Rule 18 Relief Based On Material New Evidence. *See* Dkt. No. 10 ("Motion for Reconsideration"). Aurora also seeks to seal discussions of the content of those same documents in the accompanying declaration and motion. Specifically, Supplemental Exhibits B-E, totaling eight pages of the 67-page filing, comprise internal documentation from Aurora. Petitioner avers as much in his declaration. *Id.* at 16 ("On Sunday, October 4, 2026, a person who represented that he currently works at Aurora contacted me and supplied internal communications, procedures, presentation slides, and video copies concerning Aurora operations and employee safety."). Supplemental Exhibits B-E contain proprietary information, trade secrets, as well as information that relates to the safety practices of Aurora's drivers and operators. Aurora thus moves on an emergency basis to seal this information today or as early as possible.

To be clear, Non-Party Aurora takes no position on the relevance of Supplemental Exhibits B-E or the merits of the litigation. Instead, it files this motion only to protect its confidential and trade secret information. To the extent required, Aurora further moves to intervene for the limited purpose of sealing its proprietary information. *See e.g.*, *Driftless Area Land Conservancy v. Pub. Serv. Comm'n of Wisconsin*, 2020 WL 7186150, at *3 (W.D. Wis. Dec. 7, 2020) (granting permissive intervention for the limited purpose of "protecting potentially privileged and confidential information"); *W. Res., Inc. v. Union Pac. R. Co.*, 2001 WL 1718370, at *1 (D. Kan. Sept. 12, 2001) (granting intervention as of right for only the limited purpose of "protecting alleged proprietary and confidential interests"); *cf Griffith v. Univ. Hosp., L.L.C.*, 249 F.3d 658, 661 (7th Cir. 2001) ("Federal Rule of Civil Procedure 24(b), governing permissive intervention, is 'sufficiently broad-gauged to support a request of intervention for the purposes of challenging confidentiality orders.'")[1]

[1] Aurora is still investigating this matter and reserves the right to seek any and all further relief regarding these documents.

## FACTS AND PROCEDURAL HISTORY

On October 5, 2026, Petitioner filed a Motion for Reconsideration based on alleged new evidence. Dkt. No. 10. According to the supplemental declaration of Petitioner attached to the Motion:

> 9. On Sunday, October 4, 2026, a person who represented that he currently works at Aurora contacted me and supplied internal communications, procedures, presentation slides, and video copies concerning Aurora operations and employee safety. Another individual supplied GENLOGS maps and camera reports concerning Aurora and Truck OpCo/Stack OpCo.
>
> [*****]
>
> 13. The person who supplied the internal materials represented that they were Aurora employee operational materials. The copies contain Aurora branding or internal operating language and procedures. I received copies, not the company's native original files. Exhibits B-E reproduce selected copies received, with employee names or identifying information redacted where indicated. I have preserved the copies as received separately.

*Id.* at 16-17.

As described in greater detail in the attached Declaration of Todd Kindel ("Kindel Decl."), Aurora's Vice President of Operations, Supplemental Exhibits B-E contain screenshots of internal documentation, presentations and notes of internal meetings. These items are not publicly available, include trade secret information, and are provided only to employees and contractors subject to non-disclosure

agreements. Kindel Decl. ¶ 9. Their dissemination would cause irreparable harm to Aurora. *Id.*

Aurora learned of the Motion for Reconsideration in the evening of October 5, 2026. It immediately began seeking to seal the filings. It first called the PACER service center at 7 a.m. central in the morning of October 6, 2027 when it opened and was directed to contact the Court. Aurora then called the clerk's office of this Court and was advised to file a motion to seal. Aurora then began preparing the motion and accompanying declaration that same day, on October 6, 2026, filing this motion shortly after midnight on October 7, 2026.

## LEGAL STANDARD

In the Seventh Circuit, documents "that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545 (7th Cir. 2002); *accord Al-Nahhas v. 777 Partners LLC*, 129 F.4th 418, 428 (7th Cir. 2025).

**DOCUMENTS SOUGHT TO BE SEALED BY AURORA**

Non-Party Aurora takes no position on whether Supplemental Exhibits B-E have or will "influence or underpin the judicial decision." Rather, Aurora seeks to seal this information because it includes trade secret and confidential information of Aurora whose dissemination will cause Aurora competitive harm and potentially cause safety concerns for its drivers. Kindel Decl. ¶ 9.

The following documents contain material that Aurora identifies as containing proprietary information and trade secrets:

| Document | Rationale for Sealing |
|---|---|
| Supplemental Exhibit B | The document contains Aurora's non-public, proprietary information and trade secrets related to its standard operating procedures on the collection of data that is used for developing source code, maps, and data analytics for its vehicles as well as planned stops of Aurora's vehicles. Kindel Decl. ¶ 3. |
| Supplemental Exhibit C | The document includes a presentation that contains Aurora's non-public, proprietary information and trade secrets related to its training of employees, including vehicle operators, terminal managers, regional managers, and technical |

| Document | Rationale for Sealing |
|---|---|
| | development personnel for purposes of autonomy, including specific targets. Kindel Decl. ¶ 4. |
| Supplemental Exhibit D | The document reflects meeting notes that contain Aurora's non-public information and trade secrets related to staffing ratios and its training of employees, including vehicle operators, terminal managers, regional managers, and technical development personnel. Kindel Decl. ¶ 5. |
| Supplemental Exhibit E | The document includes internal business communications that contain Aurora's non-public information and trade secrets related to a technical investigation of recent "disengagements" (when a human takes over driving the vehicle), including implementation details of Aurora's autonomy practices and software, including specific disengagement metrics. Kindel Decl. ¶ 6. |
| Supplemental Declaration | Redacted portions of Ex. 1 to the Kindel, which discuss the content of Supplemental Ex. B-E, discussed *supra*. |
| Motion for Reconsideration | Redacted portions of Ex. 1 to the Kindel, which discuss the content of Supplemental Ex. B-E, discussed *supra*. |

The above documents contain confidential information, trade secrets and/or information that is highly proprietary to Aurora.

*See* Kindel Decl. ¶ 9. Disclosure of these documents and information would cause Aurora irreparable harm; it would provide competitors insight into Aurora's sensitive business information, which competitors could use to gain an unfair advantage over Aurora; and it would expose Aurora's internal standard operating procedures related to the movements of Aurora's drivers and operators, thus increasing the risk of physical harm to these drivers and operators. *Id.* ¶¶ 9, 10.

## ARGUMENT

Under Seventh Circuit Operating Procedure 10(a), "every document filed in or by this court (whether or not the document was sealed in the district court) is in the public record unless a judge of this court orders it to be sealed." "The interest in allowing public access to the judicial record is [] a social interest." *GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014) (granting motion to seal documents submitted in a German arbitration). In the Seventh Circuit, "documents that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Al-Nahhas v. 777 Partners LLC*, 129 F.4th 418, 428 (7th Cir. 2025) (internal quotation marks and citation omitted) (granting

motion to seal documents discussing terms of settlement given the documents did not influence the court's decision). "[N]arrow, specific requests will be granted when based on articulated, reasonable concerns for confidentiality." *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 734 (7th Cir. 2013).

Sealing the documents at issue outweighs the public's right of access. The documents contain trade secrets and highly sensitive and proprietary information relating to Aurora's internal standard operating procedures and the development of its proprietary vehicles, including the environmental interactions of Aurora's vehicles with external factors and Aurora's process through which it verifies the frequency of these interactions. *See* Kindel Decl. ¶ 9.

If these documents became publicly available, competitors would gain an unfair competitive advantage by gaining unique insight into Aurora's vehicles and operations. Aurora has invested years in developing its processes and procedures underlying Aurora's operations, which are best in class. *Id.* If competitors had access to these materials, Aurora would be irreparably harmed. These sensitive trade secrets and proprietary information are routinely protected from disclosure on the

public record. *See, e.g.*, *KM Enters., Inc., Inc.*, 725 F.3d at 734 (granting motion to seal documents containing "confidential pricing and customer information"); *Ball Mem'l Hosp., Inc. v. Mut. Hosp. Ins., Inc.*, 784 F.2d 1325, 1346 (7th Cir. 1986) (confidential information was "unquestionably sensitive trade secrets" that warranted protection from unnecessary disclosure or else counterparties "could use it to advantage in the next round of negotiations"); *Metavante Corp. v. Emigrant Sav. Bank*, 2008 WL 4722336, at *10 (E.D. Wis. Oct. 24, 2008) (sealing exhibits containing "business plans and strategies").

Moreover, disclosure of documents reflecting Aurora's standard operating procedures also implicate safety issues, to the extent someone would attempt to misuse the information contained therein. *See* Kindel Decl. ¶ 10.

Accordingly, Aurora's interests in non-disclosure of the information in the documents included as Supplemental Exhibits B, C, D, and E to the Petitioner's Motion for Reconsideration outweigh the public's right of access.

## CONCLUSION

For the reasons set forth herein, Aurora respectfully requests that the Court grant its Motion to Seal Documents Filed as Exhibits to Petitioner's Emergency Motion for Reconsideration and Renewed Rule 18 Relief Based On Material New Evidence. Specifically, sealing the current Motion filed at Docket No. 10, and replacing the public-facing current Docket No. 10 with the proposed redacted version attached as Exhibit 1 to the Kindel Decl.[2]

Dated: October 7, 2026 Respectfully submitted,

By: */s/Samantha Machock*

Samantha Machock

Samantha Machock
Wilson Sonsini Goodrich & Rosati, P.C.
12235 El Camino Real
San Diego, CA 92130
Telephone: (858) 350-2300
Facsimile: (866) 974-7329
smachock@wsgr.com

Jordan R. Jaffe
Wilson Sonsini Goodrich & Rosati, P.C.
Spear Tower, Suite 3300

[2] The proposed redacted version redacts both the entirety of Supplemental Exhibits B-E, and the limited portions of the motion and declaration that Aurora seeks to seal.

San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
jjaffe@wgsr.com

Eli B. Richlin
Wilson Sonsini Goodrich & Rosati, P.C.
31 West 52nd Street, Fifth Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
erichlin@wsgr.com

*Counsel for Aurora Operations, Inc.*

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1, Aurora Operations, Inc. states as follows:

Aurora Operations, Inc. is a self-driving technology company and a wholly-owned subsidiary of Aurora Innovation, Inc., a publicly-held company. T. Rowe Price Investment Management, Inc., a wholly-owned subsidiary of T. Rowe Price Group, Inc., a publicly-held company, has a 10% or greater interest in the Class A Common Stock of Aurora Innovation, Inc. Morgan Stanley, a publicly-held company, and Morgan Stanley Investment Management Inc., a wholly-owned subsidiary of Morgan Stanley, each have 10% or greater interest in the Class A Common Stock of Aurora Innovation, Inc.

/s/*Samantha Machock*
Samantha Machock

*Counsel for Aurora Operations, Inc.*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d) because it contains 1,667 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*/s/Samantha Machock*
Samantha Machock

*Counsel for Aurora Operations, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 7, 2026 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document and supporting document via the appellate CM/ECF system. At my direction, this document and supporting document will also be served by mail to Petitioner at 3851 Mission Hills Road, Unit 210, Northbrook, IL 60062.

*/s/Samantha Machock*
Samantha Machock

*Counsel for Aurora Operations, Inc.*