**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7212
Washington, DC 20530

Tel: (202) 532-4252

October 8, 2026

VIA CM/ECF

Christopher G. Conway
Clerk of the Court
U.S. Court of Appeals for the
Seventh Circuit
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

Re: *Giannoulias v. Federal Motor Carrier Safety Administration*, No. 26-2838 (7th Cir.)

Dear Mr. Conway:

As the Court is aware, this case concerns a petition for review of a three-month waiver that Respondent Federal Motor Carrier Safety Administration (FMCSA) issued to Aurora Operations, Inc. (Aurora) pursuant to 49 U.S.C. § 31315(a).

The government now respectfully brings to the Court's attention that FMCSA has, pursuant to § 31315(b), "grant[ed] a limited five-year exemption to Aurora … and other motor carriers operating Level 4 automated driving system (ADS)-equipped commercial motor vehicles (CMVs), with prior notice to FMCSA, from compliance with the warning device placement requirements, the steady-burning lamp requirements, and the requirements for the types and number of warning devices." FMCSA, *Grant of Application for Exemption From Aurora Operations, Inc.* (October 7, 2026), https://www.fmcsa.dot.gov/safety/carrier-safety/grant-application-exemption-aurora-operations-inc. "The exemption is effective October 7, 2026 and expires October 7, 2031." *Id.* FMCSA anticipates that the exemption will be published in the Federal Register tomorrow, October 9,

2026. *See Exemption Application: Parts and Accessories Necessary for Safe Operation; Aurora Operations, Inc.*, Federal Register, https://www.federalregister.gov/public-inspection/2026-20734/exemption-application-parts-and-accessories-necessary-for-safe-operation-aurora-operations-inc. Moreover, as the government stated in its stay response, the challenged three-month waiver also expires tomorrow, October 9, 2026. Resp't's Resp. 14.

The Court has previously denied petitioner's motion for a stay of the waiver, but petitioner has sought reconsideration of that decision. In the government's response to petitioner's reconsideration motion—due October 15, 2026—the government will address why the expiration of the waiver and the issuance of the exemption have rendered petitioner's challenge to the waiver moot.

Respectfully submitted,


BRETT A. SHUMATE
*Assistant Attorney General*

STEVEN A. MYERS

*/s/ Benjamin T. Takemoto*
BENJAMIN T. TAKEMOTO
*Attorneys, Appellate Staff*
*Civil Division, Room 7258*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 532-4252*
*benjamin.takemoto@usdoj.gov*


cc: All parties (via CM/ECF)