U.S.C.A. — 7th Circuit
RECEIVED
OCT 13 2026 4

**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

**KOSTAS GIANNOULIAS,**
Petitioner,

v.

FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION,
Respondent.

**No. 26-2838**

**PETITIONER'S RESPONSE IN OPPOSITION TO AURORA OPERATIONS, INC.'S NON-PARTY EMERGENCY MOTION TO SEAL OR, ALTERNATIVELY, REQUEST TO LIMIT REDACTIONS**

Petitioner Kostas Giannoulias responds to Aurora Operations, Inc.'s Non-Party Emergency Motion to Seal, Dkt. 12. Petitioner does not oppose Aurora's limited intervention for the purpose of presenting that request. He also does not oppose narrow redactions of employee names, source-identifying information, credentials, precise coordinates, security-sensitive interface details, or a particular technical trade secret that Aurora proves under the governing standard. The public exhibits already redact those identifying and security-sensitive details.

Petitioner opposes Aurora's proposed concealment of the substantive safety evidence. The proposed public copy removes Supplemental Exhibits B-E in full, Dkt. 10 at 31-38, and redacts the corresponding account in Dkt. 10 at 7-8 and Supplemental Declaration paragraphs 14-17. [redacted]

[redacted] They also document what Aurora's preliminary response did and did not do. These facts concern the operation and oversight of Level 4 ADS-equipped commercial motor vehicles on public roads. They are evidence offered for a judicial decision, not merely private discovery.

Under *Baxter International, Inc. v. Abbott Laboratories*, a corporate label of "confidential" or "commercially sensitive" is not enough. 297 F.3d 544, 545-48 (7th Cir. 2002). The Court should deny the requested wholesale blackouts or require a line-by-line proposal limited to information that Aurora specifically proves is entitled to lasting confidentiality. The full, unredacted filing should remain available to the panel.

**BACKGROUND AND SCOPE OF THE DISPUTE**

Dkt. 10 is Petitioner's renewed request for Rule 18 relief. Section V relies on Supplemental Exhibits B-E to explain why the presence of an occupant or access to remote assistance does not necessarily establish prompt intervention after an automated-driving failure. Section VI relies on the same evidence in applying irreparable harm and the public interest. The exhibits were therefore submitted for the Court's use, not placed in the record incidentally.

The Supplemental Declaration carefully identifies the evidence's limits. Petitioner did not create the materials and did not witness the logged events. He

states that a person who represented that he currently works at Aurora supplied copies, that Petitioner received copies rather than native originals, and that he preserved the materials as received. Supp. Decl. paragraphs 9, 13, 17, 20. The public copies withhold employee names, potentially identifying interface information, and precise coordinates. Id. paragraph 20. These existing redactions protect the source and employees without concealing the safety substance.

Aurora now asks to replace the public filing with a version that blacks out every page of Supplemental Exhibits B-E and the related narrative. Aurora characterizes the material as internal, confidential, and competitively sensitive. Even assuming that some lines qualify for protection, that premise does not establish that every operational fact, performance outcome, employee concern, and company response on eight pages is a trade secret.

## ARGUMENT

### I. Seventh Circuit law requires a specific, document-by-document showing.

Aurora's motion, supporting declaration, and proposed-redactions filing remain publicly accessible, but public access to Docket No. 10 itself has already been restricted while Aurora's motion remains unresolved. As of October 8, 2026, no publicly docketed order granting sealing appears. Operating Procedure 10(a) provides that every document filed in this Court remains in the public record unless

a judge orders it sealed. Petitioner therefore requests restoration of public access to Docket No. 10 or identification of the interim judicial order authorizing the restriction. Any provisional restriction should extend no further than the particular material Aurora can justify under the governing Seventh Circuit standard.

Documents that affect the disposition of federal litigation are presumptively open unless a statute, rule, privilege, or another recognized ground justifies confidentiality. *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *Baxter*, 297 F.3d at 545-46. Public access lets people understand judicial decisions and monitor the judiciary's work. *City of Greenville v. Syngenta Crop Protection, LLC*, 764 F.3d 695, 697-98 (7th Cir. 2014).

The burden is demanding because any withdrawal of the judicial process from public view requires "rigorous justification." *Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). *Baxter* directs the Court to reject a request that does not analyze secrecy in detail, document by document, with reasons and legal citations. 297 F.3d at 548. The Seventh Circuit recognizes trade secrets, recognized privileges, and information made confidential by statute as established categories, then balances any qualifying interest against public transparency. *United States v. Sanford-Brown, Ltd.*, 788 F.3d 696, 712-13 (7th Cir. 2015), vacated on other grounds, 136 S. Ct. 2506 (2016), relevant portions reinstated, 840 F.3d 445, 447 (7th Cir. 2016).

*Sanford-Brown* illustrates the required distinction. The Court upheld sealing where the movant identified each exhibit's specific contents, explained why those contents were proprietary trade secrets, and justified continued sealing. 788 F.3d at 713. By contrast, internal status, confidentiality measures, or possible competitive discomfort do not by themselves establish a protected category or justify an entire-page blackout. *Baxter*, 297 F.3d at 546-48.

Nor is reputational injury a substitute for the required showing. *Mitze v. Saul* explains that embarrassment, incrimination, or exposure to further litigation does not, without more, justify sealing. 968 F.3d 689, 692 (7th Cir. 2020) (per curiam). *Central National Bank of Mattoon v. United States Department of the Treasury* likewise distinguishes a company's private interest in suppressing adverse information from the public value of information material to decisions affecting others. 912 F.2d 897, 900 (7th Cir. 1990).

**II. The proposed redactions concern evidence central to the Court's decision.**

*City of Greenville* limits the access presumption to materials that influence or underpin a judicial decision. 764 F.3d at 698. These materials satisfy that test. Dkt. 10 quotes and summarizes them in the renewed motion's principal safety section and cites them again in the stay-factor analysis. The motion asks the Court to assess FMCSA's safety assurances against the described operating and recovery processes. The evidence is thus part of the asserted basis for relief. Aurora's

decision to take no position on the merits does not reduce the public's interest in seeing the evidence on which Petitioner asks the Court to act.

**III. Operator-raised concerns and the documented response are safety facts, not merely proprietary business information.**

[redacted]

[redacted] These are operational safety instructions relevant to who may act, how quickly, and through what recovery chain when a heavy commercial vehicle encounters a problem on a public road.

[redacted]

[redacted]

The evidence about Aurora's response should be stated exactly. Exhibit E

[redacted]

record shows that operators raised safety concerns, no immediate grounding or fleet restriction followed the preliminary review, and the materials identify no completed corrective action. Aurora's sealing papers do not identify one.

Petitioner does not contend that these pages prove Aurora never took any later action. They show the response documented at the time and leave later corrective action unanswered. Whether the concerns were corrected, when, and by what measure is an evidentiary gap bearing on the weight of the safety assurances presented in this case. Concealing the concern and the response would prevent the public from understanding that issue and would prevent informed scrutiny of the Court's resolution.

The evidence concerns Level 4 ADS-equipped commercial motor vehicles operating on public roads, whether or not a human is present in the cab. It bears on intervention policy, remote support, staffing, disengagements, lane behavior, and the decision not to impose an immediate operational restriction after preliminary review. Those facts affect motorists who did not agree to confidentiality and who share the roadway with the vehicles. Their public-safety character does not automatically defeat a proven trade secret, but it materially strengthens the public-access interest and requires the narrowest possible redaction.

**IV. Blacking out eight entire exhibit pages and the corresponding narrative is not narrowly tailored.**

Aurora's proposed public copy eliminates every word and image in Supplemental Exhibits B-E. That approach does not separate potentially technical matter from nontechnical safety facts. For example, a protected interface detail would not justify concealing the fact that operators reported unanswered calls; a protected recovery technique would not justify concealing the [redacted] instruction; and a protected visualization would not justify concealing the operator's written safety concern or the documented decision against an immediate fleet restriction or grounding. *Baxter* requires those distinctions. 297 F.3d at 545, 548.

The same defect applies to redacting the narrative in Dkt. 10 at 7-8 and Supplemental Declaration paragraphs 14-17. Those passages permit a reader to understand why the evidence matters even without seeing technical screenshots. Removing the narrative would hide the factual basis for the renewed motion and make any resulting decision harder to evaluate. *Hicklin* favors parallel public and sealed versions that omit only genuinely confidential details, not the safety issue itself. 439 F.3d at 348-49.

**V. Narrow redactions can protect legitimate interests without concealing the safety substance.**

If the Court concludes that particular information qualifies for protection, the remedy should be a revised line-by-line proposal. Petitioner does not oppose redaction of employee names, source-identifying details, credentials, precise coordinates, security-sensitive interface information, or any discrete technical trade secret supported by a specific explanation of competitive harm. The full version may remain under seal for the panel.

The public version should retain, at minimum, the operative non-interference and timing rules; the recovery and field-intervention targets; the reported [redacted] nd staffing ratio; the fact and nature of the [redacted] and the documented preliminary response, including the absence of an immediate

grounding or fleet restriction. If Aurora seeks to redact any of those facts, it should identify the precise words, the protected legal category, the specific competitive harm, the expected duration of that harm, and why a narrower redaction would not work.

**CONCLUSION**

Petitioner respectfully requests that the Court:

1. restore public access to Dkt. 10 or identify the interim order authorizing its restriction, limiting any provisional restriction to specifically justified material;
2. deny wholesale sealing of Supplemental Exhibits B-E and related narrative;
3. alternatively, permit only line-by-line redactions of proven protected material, stating the legal basis and disclosure harm for each while keeping substantive safety facts public; and
4. keep the unredacted filing available to the Rule 18 panel.

Respectfully submitted,

Kostas Giannoulias, Petitioner pro se
3851 Mission Hills Rd, Unit 210, Northbrook, Illinois 60062
kostas@haasefreightsystems.com | 708-772-6738 | Date: October 8, 2026

## CERTIFICATE OF COMPLIANCE

This response complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,048 words, conservatively including the caption, title, headings, and signature block and excluding the certificates. It complies with the typeface and type-style requirements of Rules 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it uses 14-point Times New Roman. The response text is double-spaced and has margins of at least one inch as required by Rule 27(d)(1)(D).

Respectfully submitted,

Kostas Giannoulias, Petitioner pro se
Date: October 8, 2026

## CERTIFICATE OF SERVICE

I certify that on October 8, 2026, I served a complete copy of this response on all counsel of record by the following method:

United States Mail, with first-class postage prepaid.

Counsel for Respondent FMCSA:
Benjamin T. Takemoto
Steven A. Myers
Appellate Staff, Civil Division, Room 7258
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

Counsel for Aurora Operations, Inc.:
Samantha A. Machock
Wilson Sonsini Goodrich & Rosati, P.C.
12235 El Camino Real
San Diego, California 92130
smachock@wsgr.com

______________________________
Kostas Giannoulias