**No. 26-2838**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

KOSTAS GIANNOULIAS,

Petitioner,

v.

FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION,

Respondent.

On Petition for Review from the Federal Motor Carrier Safety Administration

# RESPONSE TO MOTION FOR RECONSIDERATION AND CROSS-MOTION TO DISMISS THE PETITION FOR REVIEW

BRETT A. SHUMATE
*Assistant Attorney General*

STEVEN A. MYERS
MAXWELL A. BALDI
BENJAMIN T. TAKEMOTO
*Attorneys, Appellate Staff*
*Civil Division, Room 7513*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 532-0211*

# TABLE OF CONTENTS

**Page**

INTRODUCTION .......... 1

BACKGROUND .......... 2

ARGUMENT .......... 5

I. Giannoulias's Petition for Review Is Moot. .......... 5

II. Giannoulias's Motion for Reconsideration Is Baseless .......... 7

CONCLUSION .......... 9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## INTRODUCTION

When commercial motor vehicles become disabled, regulations issued by the Federal Motor Carrier Safety Administration (FMCSA) generally require that their drivers place warning devices around the vehicle to warn other drivers of the potential hazard. *See generally* 49 C.F.R. § 392.22(b). Autonomous vehicles, however, cannot comply with that requirement without human intervention. FMCSA has therefore exercised its statutory authority to issue several three-month waivers permitting certain operators to use cab-mounted warning beacons on their vehicles if they become disabled.

Delivery driver Kostas Giannoulias petitioned for review of the most recent such waiver and sought an emergency stay. This Court properly denied that motion. Dkt. 9. That waiver has since expired, however, and FMCSA has relied on a different source of authority to grant a five-year exemption permitting cab-mounted warning beacons. *See* 91 Fed. Reg. 64736 (Oct. 9, 2026). Giannoulias's challenge to the expired and superseded waiver is thus moot, and his petition should be dismissed. Furthermore, even if his petition still presented a viable claim, Giannoulias's "new evidence" does not call in to doubt this

Court's denial of his motion for an emergency stay. The Court should therefore deny Giannoulias's motion for reconsideration and dismiss the petition.

## BACKGROUND

1. FMCSA issues safety regulations for commercial motor vehicles subject to waivers and exemptions. 49 U.S.C. § 31136(a), (e). As explained in greater detail in the government's opposition to Giannoulias's original motion for an emergency stay, FMCSA may grant a waiver excusing compliance with such a regulation for up to three months at a time. 49 U.S.C. § 31315(a); *see* Dkt. 6, at 3–4.

Separately, FMCSA may also grant "an exemption from a regulation" for a five-year period, 49 U.S.C. § 31315(b)(1)–(2). Like waivers, exemptions may be issued only "if the Secretary finds such exemption would likely achieve a level of safety that is equivalent to, or greater than, the level that would be achieved absent such exemption." *Id.* § 31315(b)(1). Unlike waivers, however, exemptions must be requested through prescribed procedures, *id.* § 31315(b)(5), and must undergo notice and comment, *id.* § 31315(b)(6).

One of FMCSA's safety regulations provides that when a commercial motor vehicle becomes disabled, the driver must place reflective triangles or fusees in front of and behind the vehicle. 49 C.F.R. §§ 392.22(b)(1), 393.95(f)(1)–(2). FMCA issued a series of three-month waivers to allow Aurora Operations, Inc., and other operators of autonomous vehicles to use cab-mounted warning beacons instead of other warning devices. *See* Dkt. 6, at 5–10. The most recent waiver was issued on July 9, 2026, and was set to expire on October 9, 2026. *See* Dkt 1-1, at 15.

2. Two months after FMCSA issued the July 2026 waiver, Giannoulias filed a petition for review to challenge it under the Hobbs Act, 28 U.S.C. § 2349. *See* Dkt. 1-1. He asserted that the waiver lay beyond FMCSA's statutory authority and that FMCSA failed to follow appropriate procedures, largely because FMCSA issued a waiver rather than an exemption. *See* Dkt. 1-1, at 3. Giannoulias also sought an emergency stay of the waiver. *See* Dkt. 2. This Court denied his motion. Dkt. 9.

Giannoulias moved for reconsideration of his emergency stay motion, pointing to "newly available evidence." Dkt. 10, at 2.

3. On October 9, 2026, following notice-and-comment procedures, FMCSA issued Aurora a five-year exemption from warning-devices requirements for commercial motor vehicles. 91 Fed. Reg. at 64736; *see* 49 U.S.C. § 31315(b)(1)–(2). After evaluating Aurora's exemption application and the comments, FMSCA "determined that granting an exemption to allow Aurora to install cab-mounted warning beacons for [certain autonomous commercial vehicles] …would likely achieve a level of safety equivalent to, or greater than, the level of safety that would be achieved without exemption." 91 Fed. Reg. at 64737. It thus permitted Aurora to use beacons in lieu of hazard triangles and flares for those autonomous vehicles. *Id.* at 64739–41. Other motor carriers may also operate under the exemption if they follow a set of procedures to notify FMSCA of their operations. *Id.* at 64737–38, 64740. The exemption "is effective October 7, 2026 and expires October 7, 2031." *Id.* at 64736.

Later on October 9, the July 2026 waiver expired on its own terms. *See* Dkt 1-1, at 15.

## ARGUMENT

### I. Giannoulias's Petition for Review Is Moot.

1. The Constitution limits the federal courts' jurisdiction to resolving "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "An actual controversy must be extant at all stages of review[.]" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (cleaned up). Thus, a "case that becomes moot at any point during the proceedings is 'no longer a "Case" or "Controversy" for purposes of Article III,' and is outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 584 U.S. 381, 385–86 (2018) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

A case becomes moot when "the parties lack a legally cognizable interest in [its] outcome," *Already*, 568 U.S. at 91 (cleaned up), which, as relevant here, occurs if an intervening event "makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party," *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992). When a challenged governmental action expires on "its own terms," "relief is, of course, inappropriate," and the challenge is moot. *Burke v. Barnes*, 479 U.S. 361, 363 (1987); *see, e.g.*, *Commodity Futures Trading Comm'n*

*v. Board of Trade*, 701 F.2d 653, 655 (7th Cir. 1983); *Protestant Mem'l Med. Ctr., Inc. v. Maram*, 471 F.3d 724, 730 (7th Cir. 2006).

The expiration of FMCSA's July 9, 2026, waiver moots Giannoulias's petition for review. The petition challenges only that waiver. *See* Dkt. 1-1, at 1–4. By its own terms, the waiver expired on October 9, 2026. *See* Dkt 1-1, at 15. This Court, therefore, can grant no relief with respect to the waiver and the petition is moot. *See Board of Trade*, 701 F.2d at 655.

2. No exception to the mootness doctrine applies. This dispute is not capable of repetition yet evading review because there is not "a reasonable expectation or a demonstrable probability that the same controversy will recur involving the same parties." *See Protestant Mem'l Med.*, 471 F.3d at 731 (cleaned up). To fit within that exception, Giannoulias would be required to show that he "necessarily will be subjected precisely the same treatment that [he] received in the earlier controversy." *Id.* at 731–32 (cleaned up). The opposite is true here. The gravamen of Giannoulias's petition was that FMCSA failed to use the procedures to grant an exemption and instead granted a short-term waiver. *See* Dkt. 1, at 3. But FMCSA has now granted an exemption,

and any hypothetical future challenge to the exemption would need to rest on distinct grounds from Giannoulias's challenge to the waiver. *See Protestant Mem'l Med.*, 471 F.3d at 732.

Nor does the voluntary cessation exception to mootness apply. *See generally Federation of Advert. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003). The waiver expired on its own terms; FMCSA did not act to terminate it.

## II. Giannoulias's Motion for Reconsideration Is Baseless.

Even if the Court still had jurisdiction over this action, it would properly deny the motion for reconsideration.

1. Giannoulias seeks reconsideration on the basis of "newly available evidence." Dkt. 10, at 1. At most this evidence goes to standing rather than the merits, for a petition-for-review proceeding is limited to the record before the agency when it rendered its decision. *See* Fed. R. App. P. 16; *Matter of Commodity Futures Trading Comm'n*, 941 F.3d 869, 873 (7th Cir. 2019). But for the same reason that the petition is moot, Giannoulias can no longer establish standing regardless of whether he can point to a cognizable injury. Moreover, standing for prospective relief requires a showing that the plaintiff will

suffer *future* harm. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). That Giannoulias claims to have encountered an autonomous vehicle on a highway, Dkt. 10, at 15, comes nowhere close to establishing standing for forward-looking relief given that the waiver he challenges has already expired. *See* Dkt. 6, at 14 (noting that Giannoulias's theory of injury relies on a four-link chain of causation; Giannoulias's new evidence at most speaks to the first link).

As for his other arguments, to the extent Giannoulias points to evidence outside the agency record to demonstrate that the agency's decision was arbitrary or capricious, that effort is procedurally improper. *See Northstar Wireless, LLC v. Federal Commc'ns Comm'n*, 38 F.4th 190, 212 (D.C. Cir. 2022) ("[O]ur review is confined to the record before the agency at the time of its decision.").

**CONCLUSION**

For the foregoing reasons, the Court should deny Giannoulias's motion and dismiss the petition for review.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*
STEVEN A. MYERS

*/s/ Maxwell A. Baldi*
MAXWELL A. BALDI
BENJAMIN T. TAKEMOTO
*Attorneys, Appellate Staff*
*Civil Division, Room 7513*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 532-0211*

October 2026

## CERTIFICATE OF COMPLIANCE

This response and cross-motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,470 words. This response also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*s/ Maxwell A. Baldi*
MAXWELL A. BALDI

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2026, I electronically filed the foregoing response and cross-motion with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system.

Petitioner has consented in writing to service by electronic mail, which will be accomplished by sending a copy of this response and cross-motion to kostas@haasefreightsystems.com.

*/s/ Maxwell A. Baldi*
MAXWELL A. BALDI