**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

U.S.C.A. — 7th Circuit
RECEIVED
OCT 15 2026

**KOSTAS GIANNOULIAS,**
*Petitioner,*
v.
**FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION,**
*Respondent,*

**No. 26-2838**

# PETITIONER'S LIMITED RESPONSE TO NON-PARTY AURORA OPERATIONS, INC.'S EMERGENCY MOTION TO ENFORCE SEALING ORDER (DKT. NO. 19)

Petitioner Kostas Giannoulias, appearing pro se, submits this limited response under Federal Rule of Appellate Procedure 27(a)(3). Petitioner does not oppose the Clerk's administrative application of Dkt. No. 17 to information repeated in Dkt. No. 16, and this response does not seek reconsideration of Dkt. No. 17. It is submitted because Dkt. No. 19—particularly its description of Dkt. No. 16 as Petitioner's 'second filing' and its footnote concerning Aurora's October 8 demand—could create the incorrect impression that Petitioner filed Dkt. No. 16 after, or in defiance of, the Court's October 13 sealing order. The chronology forecloses that inference.

## I. Docket No. 16 Preceded the Court's Sealing Order

Petitioner completed and served his opposition to Aurora's initial sealing motion on Thursday, October 8, 2026. The USPS receipt reflects acceptance by Priority Mail Express at 3:46 p.m. that day, and USPS tracking reflects delivery to the Clerk's Office on Friday, October 9, 2026, at 1:37 p.m. Following the federal

holiday on Monday, October 12, the Clerk docketed the opposition as Dkt. No. 16 on Tuesday, October 13, at 10:58 a.m.

The Court entered Dkt. No. 17 at 3:16 p.m. on October 13—more than four hours after Dkt. No. 16 appeared on the docket and four days after the Clerk received it. Dkt. No. 17 itself identifies Dkt. No. 16 as a matter then before the Court. It directs the Clerk's Office to maintain Dkt. No. 10 under seal and file Aurora's proposed redacted version; it does not find that Petitioner violated an order or direct Petitioner to take or refrain from any act.

Thus, no sealing order existed when Petitioner prepared, served, mailed, or delivered Dkt. No. 16, or when the Clerk docketed it. Petitioner had no control over the interval between the Clerk's receipt and docket entry. Since entry of Dkt. No. 17, Petitioner has made no public court filing that repeats the information at issue. This response likewise does not repeat it.

## II. Aurora's Footnote Omits Material Context

Footnote 1 of Dkt. No. 19 states that Aurora contacted Petitioner on October 8 to demand return of materials, cessation of use, and nondisclosure, and that Aurora 'reserves all rights.' That abbreviated account omits material context. Aurora's letter accused Petitioner personally of trade-secret misappropriation under federal and state law; demanded a complete search of his emails, computers, mobile devices, storage devices, cloud accounts, and social media followed by upload of identified materials; demanded information concerning acquisition and

recipients; ordered him to stop seeking or accepting additional nonpublic materials; imposed an October 13 response deadline; and threatened emergency judicial relief without further notice.

Petitioner responded to Aurora by its October 13 deadline. He rejected Aurora's accusations and unilateral demands, confirmed preservation of relevant materials in his possession, confirmed his compliance with the Court's orders, and stated that he had not furnished the underlying files outside his judicial filings in this Court. Aurora's private demand was not a court order, and no court has adjudicated Aurora's accusation that Petitioner committed misappropriation.

## III. Petitioner's Position on the Requested Relief

Petitioner respects Dkt. No. 17 and does not ask the Court to reconsider it in this limited response. He does not oppose maintaining the complete Dkt. No. 16 under seal and placing a redacted version on the public docket if the Court so directs, provided the complete filing remains available to the judges deciding the pending motions. Petitioner preserves, without rearguing here, the public-access objections stated in Dkt. No. 16 under Baxter International, Inc. v. Abbott Laboratories, 297 F.3d 544, 545–48 (7th Cir. 2002), and Hicklin Engineering, L.C. v. Bartell, 439 F.3d 346, 348–49 (7th Cir. 2006).

Because Dkt. No. 16 preceded Dkt. No. 17, Aurora's present request is properly understood as a request concerning administration of a preexisting docket entry—not enforcement of an order that Petitioner violated. The record should not imply otherwise.

## CONCLUSION

Petitioner respectfully submits this response so that the record reflects the actual chronology and does not imply noncompliance or misconduct. Petitioner does not oppose docket administration consistent with Dkt. No. 17, requests that the complete Dkt. No. 16 remain under seal and available to the Court, and requests that this limited response remain publicly accessible because it discloses no information subject to the sealing order.

Respectfully submitted,

Kostas S. Giannoulias, Petitioner pro se
3851 Mission Hills Road, Unit 210
Northbrook, Illinois 60062
kostas@haasefreightsystems.com | 708-772-6738
Date: October 14, 2026

## CERTIFICATE OF COMPLIANCE

This response complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 768 words, conservatively including the caption, title, headings, and signature block and excluding the certificates. It complies with the typeface and type-style requirements of Rules 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it uses 14-point Times New Roman. The response text is double-spaced and has margins of at least one inch as required by Rule 27(d)(1)(D).

Respectfully submitted,

Kostas S. Giannoulias, Petitioner pro se
3851 Mission Hills Road, Unit 210
Northbrook, Illinois 60062
kostas@haasefreightsystems.com | 708-772-6738
Date: October 14, 2026

## CERTIFICATE OF SERVICE

I certify that on October 14, 2026, I served a complete copy of this response on counsel for Respondent as follows: By email, pursuant to the parties' written consent under Federal Rule of Appellate Procedure to:

**Counsel for Respondent FMCSA:**
Maxwell A. Baldi, Benjamin T. Takemoto, and Steven A. Myers
Steven.A.Myers@usdoj.gov
Benjamin.Takemoto@usdoj.gov
Maxwell.Baldi@usdoj.gov

**Counsel for Non-Party Aurora Operations, Inc.:**

**By depositing a copy in the United States Mail, postage prepaid, address to:**

Jordan R. Jaffe
Samantha Machock
Wilson Sonsini Goodrich & Rosati, P.C.
One Market Plaza, Spear Tower, Suite 3300
San Francisco, California 94105-1126

Respectfully submitted,

Kostas S. Giannoulias, Petitioner pro se
3851 Mission Hills Road, Unit 210
Northbrook, Illinois 60062
kostas@haasefreightsystems.com | 708-772-6738
Date: October 14, 2026