**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

**KOSTAS GIANNOULIAS,**
*Petitioner,*

v.

**FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION,**
*Respondent.*

**No. 26-2838**

**PETITIONER'S EMERGENCY MOTION TO RECONSIDER, VACATE, OR MODIFY THE OCTOBER 15, 2026 ORDER (DKT. 25), TO DEFER DISPOSITION OF DKT. 20 PENDING THE CERTIFIED LIST, AND FOR IMMEDIATE RULING ON DKT. 13**

*Immediate consideration requested before October 26, 2026*

Petitioner Kostas Giannoulias, appearing pro se, respectfully moves under Federal Rule of Appellate Procedure 27(b) to reconsider, vacate, or modify the October 15, 2026 order extending Respondent's deadline to file the certified list or agency record until November 18, 2026. Dkt. 25. Petitioner asks the Court to require at least the certified list by October 26, 2026; alternatively, to defer disposition of Respondent's cross-motion to dismiss and Petitioner's pending emergency reconsideration motion until the certified list is filed and Petitioner has seven days to address it. Petitioner also requests immediate disposition of his October 8 motion for pro se electronic-filing access. Dkt. 13.

The requested relief is narrow. Petitioner does not ask the Court to require immediate transmission of every page of the record. Rule 17(b)(1)(B) permits FMCSA to file a certified list adequately describing the documents and materials comprising the record while retaining the underlying materials. That list is necessary before the Court considers dismissal because Dkt. 20 invokes Rule 16's record limitation against Petitioner while Dkt. 21 simultaneously asserts that identifying the record would be unnecessary.

Dkt. 24 directs Petitioner to respond to Dkt. 20 by "October 26, 2016." Petitioner understands that date to mean October 26, 2026, consistent with Rule 27's response period and the intervening weekend, and respectfully requests correction of the apparent clerical error.

**I. Rule 27(b) expressly authorizes reconsideration of the procedural order.**

Rule 27(b) permits the Court to act on a procedural motion without awaiting a response, but it also provides that a party adversely affected may move to reconsider, vacate, or modify the order. This motion uses that express procedure. It does not challenge the Court's authority to extend a Rule 17 deadline. It asks the Court to consider case-specific prejudice that was not presented on the docket when Dkt. 25 issued.

FMCSA filed Dkt. 21 at 4:26 p.m. on October 14, four days before the October 19 record deadline. At 2:31 p.m. on October 15, Petitioner emailed the

Clerk a signed courtesy copy of his opposition and advised that the paper original was being sent by overnight mail. Dkt. 25 was entered at 3:39 p.m.; the Clerk acknowledged the courtesy email at 4:22 p.m. Because Dkt. 13 remains undecided, Petitioner could not place his response on the docket contemporaneously with FMCSA's motion. Petitioner recognizes that the courtesy email was not a formal filing. That is precisely why immediate action on Dkt. 13 matters.

The Court did not grant FMCSA's requested open-ended extension until thirty days after disposition of Dkt. 20; it instead selected November 18. Petitioner respectfully submits, however, that this fixed date still creates the same sequencing prejudice because it falls twenty-three days after Petitioner's October 26 response deadline and permits disposition of Dkts. 10 and 20 before the record is identified.

**II. Requiring Petitioner to answer Dkt. 20 before the record is identified creates concrete prejudice.**

Dkt. 20 does not rely only on the waiver's expiration date. It argues that the petition does not satisfy the capable-of-repetition exception, disputes standing, and asks the Court to reject Petitioner's supplemental showing because merits review is confined to the record before FMCSA. Dkt. 20 at 5-8 (citing Fed. R. App. P. 16 and Matter of Commodity Futures Trading Commission, 941 F.3d 869, 873 (7th Cir. 2019)). Yet Dkt. 21 asserts that the same record need not even be identified before those arguments are resolved. FMCSA should not be permitted to invoke

the record boundary as a sword while withholding the certified filing that defines that boundary.

The certified list will identify whether the July 9 decisional record included predecessor-waiver requests and reports, carrier opt-in notices, crash or safety notifications, staff analyses, authority memoranda, and materials concerning continuation or reissuance. Those materials bear directly on the petition's challenge to an uninterrupted serial-waiver practice and on FMCSA's assertion that the controversy cannot reasonably recur. The list will also reveal material absences from the record. Review must be based on the full record before the decisionmaker, not a post hoc description selected after litigation begins. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 419-20 (1971).

Concrete record questions already before the Court illustrate why the certified list cannot await disposition of Dkt. 20. The October 9 exemption notice on which Dkt. 20 relies states that FMCSA declined requests to inspect waiver term reports because the reports were submitted as confidential business information "per the terms of the waiver," while asserting that it was unaware of data indicating that the waiver negatively affected safety. 91 Fed. Reg. 64,736, 64,738-39 (Oct. 9, 2026). Petitioner's September 22 reply presented NHTSA Report No. 30530-15781, a certified TxDOT crash report, and two scene photographs concerning a July 8 collision involving an Aurora Level 4 ADS-

equipped tractor in Parker County--the day before Waiver No. 4 was signed. Dkt. 7 at 9-11 & Supp. Exs. A-C. The certified report records disabling damage, a tow, and an uncleared scene for 97 minutes, until 7:36 a.m.; photographs displayed at approximately 6:06 and 6:40 a.m. show no visible amber-beacon illumination. Id. Whether FMCSA had same-day incident information before issuing Waiver No. 4, whether predecessor-waiver reports informed reissuance, and whether FMCSA thereafter received the required crash, malfunction, power-issue, or safety notifications under Sections IV.A, IV.B.4, and IV.D bear directly on the record-boundary and continuity issues invoked in Dkts. 10 and 20. FMCSA should not be permitted to rely on waiver reporting in the exemption, deny public inspection under the waiver's confidentiality provision, and postpone even the certified list identifying the waiver record while seeking dismissal.

At a minimum, the list should identify which Waiver Nos. 2 and 3 term reports, opt-in notices, and continuation materials were before FMCSA on July 9. Waiver No. 4's own reporting duties also did not end on October 9: Section IV.B requires participating carriers to submit term reports within thirty days after the waiver term, through November 8. Petitioner does not contend that a post-July 9 report was part of the July 9 merits record. The continuing duty instead confirms that the waiver's legal and reporting effects did not simply disappear on October 9.

Congress likewise directed that, unless the proceeding "has been terminated on a motion to dismiss," the agency shall file the record with the Clerk. 28 U.S.C. § 2346. Rule 17 supplies the forty-day default deadline. This proceeding has not been terminated; Dkt. 20 is pending. Although Rule 17 allows an extension, Section 2346's text weighs against deciding dismissal first and allowing the record obligation to disappear as a consequence.

That concern is especially acute for a ninety-day agency order. The capable-of-repetition doctrine originated to prevent short-lived agency orders from evading review merely because they expire before judicial review can be completed. Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911). Petitioner will address the merits of Dkt. 20 separately. For present purposes, the schedule should not cause the very evasion of review that the parties dispute.

**III. A certified list by October 26 is a modest alternative to immediate production of the full record.**

Rule 17(b)(1)(B) permits an agency to satisfy its filing obligation through a certified list that adequately describes all documents, transcripts, exhibits, and other material constituting the record. The agency may retain the underlying material, which remains part of the record and must be transmitted if the Court or a party requests it. Fed. R. App. P. 17(b)(3). Thus, an October 26 list would not require FMCSA to copy, redact, and transmit every document immediately. It

would provide the minimum information necessary for Petitioner and the Court to know what record FMCSA contends supported Waiver No. 4.

Waiver No. 4 was signed on July 9, the petition was filed on September 8, and FMCSA itself acknowledged an October 19 deadline. Dkt. 21 at 1. FMCSA therefore had forty days after service of the petition—and more than three months after the decision—to identify the materials comprising the record. Requiring a certified list by October 26, while allowing additional time for transmission of retained materials, reasonably balances administrative burden with the need for informed adjudication.

FMCSA's prior performance also undercuts Dkt. 21's unexplained burden assertion. In Aurora Operations, Inc. v. Department of Transportation, No. 25-1016 (D.C. Cir.), the D.C. Circuit's January 10, 2025 order required Respondents to file the certified index by February 24, 2025. Doc. No. 2093413. FMCSA filed that certified index on February 21--three days early. Doc. No. 2102132. That proceeding involved Aurora's challenge to FMCSA's denial of the same warning-device exemption underlying the serial waivers. The records are not necessarily identical, but FMCSA demonstrated that it could identify and certify an administrative record in this same warning-device controversy within the ordinary schedule. Dkt. 21 identifies no case-specific obstacle explaining why a certified list for Waiver No. 4 cannot be filed until November 18.

**IV. Immediate action is warranted, including a ruling on electronic-filing access.**

Petitioner's motion for electronic-filing access has been pending since October 8. Dkt. 13. Rule 25(a)(2)(B)(ii) permits an unrepresented party to file electronically when authorized by court order. The events surrounding Dkt. 25 demonstrate concrete prejudice from the unresolved request: Respondent's motion was docketed and acted upon immediately, while Petitioner's signed opposition remained in transit despite prompt preparation and a courtesy email. Petitioner works interstate freight routes and cannot reliably hand-deliver emergency papers to Chicago. He respectfully requests an immediate ruling on Dkt. 13 or interim permission to submit filings electronically while it remains pending.

Time also matters outside the present briefing schedule. Section 5405 of the pending BUILD America 250 Act, H.R. 8870, 119th Cong. (as ordered reported May 22, 2026), would authorize cab-mounted warning devices by statute and direct conforming agency action. Petitioner does not assume that pending legislation will be enacted, and the legislation is not the sole basis for this motion. Its pendency nevertheless reinforces the need to preserve a realistic opportunity for judicial review before intervening events alter the governing law or practical availability of relief.

## CONCLUSION

Petitioner respectfully requests that the Court: (1) reconsider or modify Dkt. 25 and direct FMCSA to file the Rule 17(b)(1)(B) certified list forthwith, and no later than October 26, 2026; (2) alternatively, defer disposition of Dkts. 10 and 20 until the certified list is filed and permit Petitioner seven days thereafter to address the list and request transmission of designated portions under Rule 17(b)(3); (3) immediately grant Dkt. 13 or authorize interim electronic filing; and (4) correct Dkt. 24's apparent reference to October 26, 2016, to October 26, 2026.

Respectfully submitted,

**Kostas Giannoulias**
Petitioner pro se
3851 Mission Hills Road, Unit 210
Northbrook, Illinois 60062
kostas@haasefreightsystems.com
(708) 772-6738
Dated: October 16, 2026

## CERTIFICATE OF COMPLIANCE

This motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,833 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f). This motion complies with the typeface and type-style requirements of Rules 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it uses 14-point Times New Roman, a proportionally spaced typeface. The motion is double-spaced and has margins of at least one inch.

Respectfully submitted,

______________________________

**Kostas Giannoulias**
Petitioner pro se
3851 Mission Hills Road, Unit 210
Northbrook, Illinois 60062
kostas@haasefreightsystems.com
(708) 772-6738
Dated: October 16, 2026

## CERTIFICATE OF SERVICE

I certify that on October 16, 2026, I served a true and correct copy of the foregoing Petitioner's Emergency Motion to Reconsider, Vacate, or Modify the October 15, 2026 Order (Dkt. 25) by electronic mail, pursuant to Respondent's written consent to electronic service under Federal Rule of Appellate Procedure 25(c)(2), upon counsel for Respondent at the following addresses:

Maxwell A. Baldi - maxwell.baldi@usdoj.gov
Steven A. Myers - steven.a.myers@usdoj.gov
Benjamin T. Takemoto - benjamin.takemoto@usdoj.gov
Attorneys, Appellate Staff, Civil Division
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

Respectfully submitted,

______________________________
**Kostas Giannoulias**
Petitioner pro se
3851 Mission Hills Road, Unit 210
Northbrook, Illinois 60062
kostas@haasefreightsystems.com
(708) 772-6738
Dated: October 16, 2026