IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

U.S.C.A. — 7th Circuit
RECEIVED
OCT 19 2026

**KOSTAS GIANNOULIAS,**
Petitioner,

v. **No. 26-2838**

**FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION,**
Respondent.

**PETITIONER'S RESPONSE IN OPPOSITION TO RESPONDENT'S MOTION TO EXTEND TIME TO FILE CERTIFIED INDEX OF RECORD (DKT. 21)**

*Prompt consideration requested before October 19, 2026*

Petitioner Kostas Giannoulias, appearing individually and pro se, opposes Respondent's Motion to Extend Time to File the Certified Index of Record (Dkt. 21). The Court's September 8, 2026 docketing notice set October 19, 2026 as FMCSA's deadline to file the agency record or a certified list. FMCSA asks to suspend that deadline until thirty days after the Court resolves its cross-motion to dismiss (Dkt. 20), whenever that may occur.

The Court may extend the Rule 17 deadline, but Dkt. 21 does not establish good cause for this open-ended extension. A pending motion to dismiss does not itself displace the filing obligation. The governing

statutes and Rule 17 permit FMCSA to satisfy that obligation with a certified list rather than production of the underlying documents. And delay would prejudice review of a petition that expressly challenges four serial three-month orders and their announced reissuance. The motion should be denied.

## ARGUMENT

### I. A Pending Cross-Motion Does Not Suspend the Record-Filing Obligation

The Hobbs Act addresses this situation directly: "Unless the proceeding has been terminated on a motion to dismiss the petition, the agency shall file in the office of the clerk the record on review as provided by section 2112." 28 U.S.C. § 2346 (emphasis added). Congress made termination of the proceeding, rather than the filing of a dismissal motion, the condition that relieves the agency of its filing duty. This proceeding has not been terminated, and Petitioner contests Dkt. 20.

Rule 17(a) likewise requires filing within forty days after service of the petition, while permitting the Court to shorten or extend that period. Fed. R. App. P. 17(a). Any extension therefore remains discretionary and requires good cause. Fed. R. App. P. 26(b). Section

2346 forecloses treating the mere pendency of Dkt. 20 as sufficient cause by itself. Rule 17(b)(2) separately permits the parties to stipulate that no record or certified list be filed. Petitioner has not so stipulated; he expressly opposes dispensing with the index.

## II. FMCSA Has Not Shown Good Cause for the Extension It Requests

Dkt. 21 repeatedly describes the task as "compilation of the administrative record," but FMCSA's present obligation can be satisfied by filing "a certified list adequately describing all documents, transcripts of testimony, exhibits, and other material constituting the record." Fed. R. App. P. 17(b)(1)(B). Section 2112(a) likewise authorizes FMCSA to file a certified list, retain the underlying materials, and transmit particular materials only when required; filing the list constitutes full compliance with the record-filing requirement. 28 U.S.C. § 2112(a). Thus, the October 19 deadline does not require FMCSA to lodge every underlying document or resolve public disclosure of any confidential contents.

The certified index is not collateral make-work. In applying arbitrary-and-capricious review, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973) (per curiam). Review rests on "the full administrative record that was before the [agency] at the time [it] made [its] decision." Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971). The Seventh Circuit likewise has explained that confining review to that record helps ensure that the agency evaluates its course before acting rather than relying on post hoc rationalizations. Highway J Citizens Group v. Mineta, 349 F.3d 938, 958 (7th Cir. 2003). Rule 17's certified list identifies that pre-existing record; it does not require FMCSA to create a new merits record.

FMCSA filed Dkt. 21 on October 14 - thirty-six days after the petition was filed and served and only five calendar days before the docketed deadline. The motion includes no declaration and identifies no record volume, number of custodians, document locations, work already completed, competing deadline, or unusual circumstance that prevented

compliance during the forty-day period. It does not explain why a certified descriptive list cannot be completed by October 19.

The requested relief also is not a short, date-certain enlargement. It would postpone the index for the entire time Dkt. 20 remains pending and then, if dismissal is denied, give FMCSA another full thirty days. That period is not tied to any identified task or demonstrated burden. The conclusory assertion that compliance would "waste time and resources," Dkt. 21 at 2, does not establish good cause for a potentially months-long suspension followed by an additional thirty days.

### III. The Proposed Delay Would Prejudice Review of the Serial-Waiver Challenge

The premise of Dkt. 21 also depends on a disputed characterization of this case. The petition did not merely complain that FMCSA used waiver rather than exemption procedures. It alleged that Waiver No. 4 "exceeds 49 U.S.C. § 31315(a)'s three-month, person-specific, unique-event authority by continuing an uninterrupted commercial-deployment program through serial waivers and promised reissuance." Dkt. 1-1 at 3. The petition requested expedited proceedings sufficient to prevent the short-duration order and its promised reissuance from evading effective review. Id. at 4.

Dkt. 20 now argues that the serial-waiver controversy cannot reasonably recur and that a later five-year exemption necessarily makes the challenged waiver irrelevant. Dkt. 20 at 5-7. It also invokes Rule 16 and the record-review rule in seeking denial of Petitioner's reconsideration motion. Id. at 7-8. Petitioner will respond to Dkt. 20 separately. For present purposes, FMCSA's reliance on the boundaries of the agency record makes the Rule 17 index relevant; it does not justify withholding the filing that identifies those boundaries, including, to the extent they comprise the July 9 decisional record, predecessor-waiver requests and reports, opt-in notices, staff analyses and recommendations, decision memoranda, authority documents, and materials concerning continuation or reissuance.

Nor did expiration end every obligation created by Waiver No. 4. Section IV.B requires each participating motor carrier to submit its Waiver Term Report within thirty days after the waiver term ended (by November 8, 2026). The October 9 exemption also expressly relies on the waiver's operational history and states that waiver term reports were submitted as confidential business information "per the terms of the waiver." 91 Fed. Reg. 64,736, 64,738 (Oct. 9, 2026). These facts do

not decide Dkt. 20, but they confirm that the waiver record and the continuity between the challenged serial-waiver program and the replacement exemption remain disputed.

The expiration date can be read from the face of Waiver No. 4. But that does not make the certified index irrelevant to every issue raised by the cross-motion, nor does it eliminate prejudice from forcing Petitioner to litigate the asserted jurisdictional consequences of a serial ninety-day program while the agency alone knows what materials comprise the challenged decision's record. Section 2346's use of "terminated" protects against that result.

## IV. Any Extension Should Be Short and Date Certain

If the Court is inclined to grant any enlargement, Petitioner respectfully requests that it reject the contingent, open-ended period proposed in Dkt. 21 and instead set a short, fixed deadline of Monday, October 26, 2026. That date is also the deadline for Petitioner's response to Dkt. 20 and would prevent Petitioner from having to address Dkt. 20's record arguments without the certified index. Any further request should identify with particularity the work remaining

and the reason it could not be completed within Rule 17's original forty-day period.

## CONCLUSION

The Court should deny Dkt. 21 and require FMCSA to file a certified list that complies with Rule 17(b)(1)(B) by October 19, 2026. Alternatively, the Court should allow only a short, date-certain extension through October 26, 2026. Petitioner respectfully requests prompt disposition before the existing deadline.

Respectfully submitted,

**/s/ Kostas Giannoulias**
**Kostas Giannoulias, Petitioner pro se**
3851 Mission Hills Road, Unit 210
Northbrook, Illinois 60062
kostas@haasefreightsystems.com
(708) 772-6738

Dated: October 15, 2026

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,220 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). This response complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared in a 14-point proportionally spaced serif typeface.

**/s/ Kostas Giannoulias**
**Kostas Giannoulias, Petitioner pro se**
Dated: October 15, 2026

## CERTIFICATE OF SERVICE

I certify that on October 15, 2026, I served the foregoing response on counsel for Respondent by electronic mail, pursuant to Respondent's written consent under Federal Rule of Appellate Procedure 25(c)(2), at the following addresses:

Maxwell A. Baldi - maxwell.baldi@usdoj.gov
Steven A. Myers - steven.a.myers@usdoj.gov
Benjamin T. Takemoto - benjamin.takemoto@usdoj.gov

**/s/ Kostas Giannoulias**
**Kostas Giannoulias, Petitioner pro se**
Dated: October 15, 2026