**No. 26-2838**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

---

KOSTAS GIANNOULIAS,

Petitioner,

v.

FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION,

Respondent.

---

On Petition for Review from the Federal Motor Carrier Safety Administration

---

# REPLY IN SUPPORT OF CROSS-MOTION TO DISMISS THE PETITION FOR REVIEW

---


BRETT A. SHUMATE
*Assistant Attorney General*

STEVEN A. MYERS
BENJAMIN T. TAKEMOTO
MAXWELL A. BALDI
*Attorneys, Appellate Staff*
*Civil Division, Room 7258*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 616-5364*

## TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY OF ARGUMENT ........................... 1

ARGUMENT ........................................................................................ 2

CONCLUSION ..................................................................................... 8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## INTRODUCTION AND SUMMARY OF ARGUMENT

Petitioner Kostas Giannoulias challenged a short-term waiver issued by the Federal Motor Carrier Safety Administration (FMCSA) permitting certain autonomous vehicles to use cab-mounted warning beacons if they become disabled. That waiver has since expired. Instead of issuing a new waiver, FMCSA invoked different statutory authority and followed different procedures to grant a five-year exemption permitting cab-mounted warning beacons. *See* 91 Fed. Reg. 64736 (Oct. 9, 2026). Giannoulias's petition challenging the expired waiver is thus moot.

The way to challenge FMCSA's policy on warning devices for autonomous vehicles is to petition for review of the five-year exemption, which Giannoulias has already done. *See Giannoulias v. FMCSA*, No. 26-3170 (7th Cir. docketed Oct. 21, 2026). There is no reason, however, to keep this case alive, for there is no prospect of Giannoulias's procedural complaints regarding the waiver recurring. And he is not entitled to equitable vacatur of the waiver because it has no continuing effect on him—indeed, it never did. The petition should be dismissed.

## ARGUMENT

1. Giannoulias does not meaningfully dispute that the waiver at issue in this petition expired on its own terms. This Court therefore can grant Giannoulias no effectual relief with respect to that waiver.

Giannoulias seeks refuge in the exception to the mootness doctrine for agency action that is capable of repetition yet evading review. Yet Giannoulias entirely fails to demonstrate that there is "a reasonable expectation or a demonstrable probability that the same controversy will recur involving the same parties." *See Protestant Mem'l Med. Ctr., Inc. v. Maram*, 471 F.3d 724, 730 (7th Cir. 2006). Nor could he make such a showing: there is no prospect of FMCSA issuing a new three-month waiver because it has now issued a five-year exemption from warning-device requirements for commercial motor vehicles. 91 Fed. Reg. 64736 (Oct. 9, 2026); *see* 49 U.S.C. § 31315(b)(1)–(2). FMCSA has no occasion to consider issuing another short-term waiver under 49 U.S.C. § 31315(a) when it has gone through notice-and-comment procedures to create a more durable exemption under 49 U.S.C. § 31315(b).

Giannoulias posits (at 7–9) that FMCSA will nevertheless issue a waiver because when FMCSA issued the July 2026 waiver, FMCSA stated that it intended to issue a new waiver when that waiver expired. *See* Dkt. 2, at 30. He suggests (at 7) that FMCSA has not "rescind[ed] that commitment" to reissuing a waiver. FMCSA's issuance of a five-year exemption, however, speaks for itself and obviates any reason to issue a new waiver. Nor has FMCSA taken steps to issue a new, now-redundant, waiver since the prior waiver expired on October 9.

2. Giannoulias also relies on a line of cases holding that reenactment of a statute or regulation will not moot a challenge to a prior version of the same policy if "there is a reasonably concrete basis to anticipate that the expired rule will be reenacted in a form that will raise the same questions." *Wisconsin Right to Life, Inc. v. Barland*, 751 F.3d 804, 839 n.22 (7th Cir. 2014) (quoting 13C Wright & Miller, Federal Practice and Procedure § 3533.6 (3d ed.2008)). But the same questions are not presented when an agency acts under different statutory authority and follows different procedures—even if the ultimate policy outcomes are the same. When it comes to a procedural attack on an agency action, the case law is clear: where an agency

reenacts a policy following different procedures, a procedural challenge to the initial policy is moot. *See, e.g.*, *Utility Air Regul. Grp. v. EPA*, 744 F.3d 741, 749–50 (D.C. Cir. 2014) (objection to lack of notice-and-comment procedures mooted by issuance of rule following notice and comment); *Schering Corp. v. Shalala*, 995 F.2d 1103, 1105 (D.C. Cir. 1993) (challenge to agency's explanation of action in informal letter mooted by issuance of formal regulation in place of letter).

Even reenactment of a policy will not prevent a challenge to an expired policy from becoming moot if the new policy "create[s] a substantially different controversy." *See Federation of Advert. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 932 (7th Cir. 2003). The differences between this petition challenging the waiver and the new petition challenging the exemption illustrate how the cases do not raise the same questions. In his petition in this case, Giannoulias raises five grounds for review of the waiver: (1) that issuing serial waivers exceeds FMCSA's authority to issue a three-month waiver, (2) that FMCSA may only provide relief to a class through the exemption provision, (3) that FMCSA improperly used the waiver to collect data, (4) that FMCSA did not follow appropriate procedures in granting the

waiver, and (5) that the waiver was issued too early and rested on inadequate findings. *See* Dkt. 1, at 3. None of those issues is relevant to the exemption; indeed, the gravamen of this petition is that FMCSA should have issued an exemption rather than a waiver. In contrast, Giannoulias's new petition challenging the exemption asserts a number of arbitrary-and-capricious challenges to the exemption, attacking the quality of the agency's reasoning and the evidence on which it relied, as well as alleged defects with the notice-and-comment procedures. *See* Pet. for Rev. 3–4, *Giannoulias v. FMCSA*, No. 26-3170 (7th Cir. Oct. 21, 2026). The legal issues presented in Giannoulias's new petition challenging the exemption are entirely distinct, underscoring why any controversy between Giannoulias and FMCSA concerning the waiver is now moot.

This case is hardly akin to *Wisconsin Right to Life*, in which a challenge to a regulation was held not to be moot when it was "renumbered to correct an alphabetizing error." 751 F.3d at 839 n.22. Here, there is no overlap in issues between the waiver and the exemption. Giannoulis cannot keep his attack on the agency's use of its

waiver authority alive by attacking the agency's reasoning in issuing an exemption.

3. Giannoulias also notes that the July 2026 waiver requires carriers to deliver safety reports to the agency in early November. It is unclear whether Giannoulias presses this fact as a separate ground for evading mootness. To the extent that he does, he has forfeited this argument by failing to develop it. *See Hartmann v. Prudential Ins. Co. of Am.*, 9 F.3d 1207, 1212 (7th Cir. 1993) ("failure to cite any authorities[] … is fatal" to an argument). But in any event, whether FMSCA continues to collect safety data from carriers is irrelevant: Giannoulias's assertions of Article III injury stem from the existence of autonomous vehicles operating on public highways under the terms of the waiver, not FMCSA's collection of data. Vacating an expired waiver and thus preventing FMCSA from collecting safety data would provide Giannoulias with no effective relief.

4. Finally, Giannoulias is not entitled to vacatur under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). *Munsingwear* is an equitable doctrine that permits vacatur of court judgments when a challenge becomes moot while an appeal is pending so that the "rigors

of res judicata m[ay] be alleviated." *Id.* at 39. In *A.L. Mechling Barge Lines, Inc. v. United States*, the Supreme Court extended *Munsingwear* to an agency order approving railroad rates. 368 U.S. 324, 329–30 (1961). But to obtain vacatur of an agency action, a challenger must show that the action will continue to harm it unless the action is vacated. *See Westmoreland v. Nat'l Transp. Safety Bd.*, 833 F.2d 1461, 1463 (11th Cir. 1987). Giannoulias cannot do so, for the waiver at issue in this petition has expired and has no effect—preclusive or otherwise—on Giannoulias.

## CONCLUSION

For the foregoing reasons and those stated in the government's cross-motion, the Court should dismiss the petition for review.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

STEVEN A. MYERS

*/s/ Benjamin T. Takemoto*

BENJAMIN T. TAKEMOTO
MAXWELL A. BALDI
*Attorneys, Appellate Staff*
*Civil Division, Room 7258*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 616-5364*

November 2026

## CERTIFICATE OF COMPLIANCE

This reply with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,279 words. This response also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*s/ Benjamin T. Takemoto*
BENJAMIN T. TAKEMOTO

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2026, I electronically filed the foregoing reply with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system. Service will be accomplished by using the appellate CM/ECF system.

*s/ Benjamin T. Takemoto*
BENJAMIN T. TAKEMOTO